FILED

06 NOV 21 PM 12:06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| CHRISTOPHER STEVENS, Sr., CDC #V-69054, Plaintiff, vs. COUNSELOR ROBLES, Defendant. | Civil No. 06-2072 LAB (LSP) <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 5];** <br><br> **(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |
|---|---|

Plaintiff, Christopher Stevens, a state prisoner currently incarcerated at the Chuckawalla Valley State Prison and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5].

////

////

Dockets.Justia.com

### I. Motion to Proceed IFP [Doc. No. 5]

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 5] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915a)(2) and Civil Local Rule 3.2. Plaintiff's trust account statement shows an average monthly balance of zero, and an average monthly deposit of zero for the 6-month period immediately preceding the filing of his Complaint. In addition, Plaintiff currently has a negative balance in his account due to holds.

////

1       Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No.
2  5], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall
3  assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event
4  shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has
5  no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850
6  (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's
7  IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when
8  payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated
9  by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison
10 trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

11 **II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

12      The PLRA also obligates the Court to review complaints filed by all persons proceeding
13 IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
14 of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
15 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
16 practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these
17 provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion
18 thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from
19 defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Lopez v. Smith*, 203
20 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits
21 but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state
22 a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

23      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
24 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is
25 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,
26 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court
27 reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting
28 service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Lopez*, 203

F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated when prison officials attached an "R suffix" to his custody classification.

**A.   Fourteenth Amendment claims**

The procedural guarantees of due process apply only when a constitutionally-protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Schroeder v. McDonald*, 55 F.3d 454, 462 (9th Cir. 1995). Liberty interests can arise from the Constitution or may be created by state law or regulations. *See Hewitt v. Helms*, 459 U.S. 460, 466 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-27 (1976); *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974); *Smith v. Sumner*, 994 F.2d 1401, 1405-06 (9th Cir. 1993). Plaintiff cannot claim any constitutional right to a particular prison classification arising directly from the Fourteenth Amendment. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

////

Plaintiff alleges that his due process rights were violated when the "R" suffix was added to his classification which in turn denied him the right to have family visitation. (Compl. at 3.) In *Sandin v. Conner*, 515 U.S. 472 (1995) the Supreme Court "refocused the test for determining the existence of a liberty interest away from the wording of prison regulations and toward an examination of the hardship caused by the prison's challenged action relative to the 'basic conditions' of life as a prisoner." *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996) (citing *Sandin*, 515 U.S. at 484); *McQuillion v. Duncan*, 306 F.3d 895, 902-03 (9th Cir. 2002) (noting that *Sandin* abandons the mandatory/permissive language analysis courts traditionally looked to when determining whether a state prison regulation created a liberty interest requiring due process protection).

Thus, after *Sandin*, a state-created liberty interest under the Due Process Clause of the Fourteenth Amendment arises only if the prisoner alleges facts which show a change in his confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). The *Sandin* test requires a case-by-case examination of both the conditions of the prisoner's confinement and the duration of the deprivation at issue. *Sandin*, 515 U.S. at 486. In short, Plaintiff must allege facts to show "a dramatic departure from the basic conditions" of his confinement before he can state a procedural due process claim. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

The Ninth Circuit has applied *Sandin's* procedural due process analysis to a claim similar to Plaintiff's. In *Neal*, the Court considered a due process challenge to Hawai'i's Sex Offender Treatment Program ("SOTP"), which labeled all persons in state custody convicted of specified sex crimes as "sex offenders" and compelled their participation in a psychoeducational treatment program as a pre-requisite to parole eligibility. *Neal*, 131 F.3d at 821-22. Applying *Sandin*, the district court concluded that the "labeling of [Neal] as a sex offender and any resultant impact on [his] custody level or eligibility for parole . . . [did] not impose 'atypical and significant' hardship" upon him. *Neal*, 131 F.3d at 828. The Ninth Circuit disagreed, however, finding that

the "stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections." *Id.* at 830 (emphasis added). The Ninth Circuit then concluded that, under these circumstances, procedural safeguards similar to those set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974) were required. *Id.* at 830-31.

Thus, *Neal* holds that "an inmate whom the prison intends to identify as a sex offender" is entitled to "be notified of the reasons for his classification as a sex offender" and to a hearing where he must be provided an opportunity to call witnesses (unless their appearance would be unduly hazardous to institutional security or correctional goals), and to "present documentary evidence in his defense." *Id.* Plaintiff's Complaint only alleges that he wants the right to have his family interviewed at his hearing. He does not specifically allege whether any of his due process rights were violated at the hearings that determined his "R" suffix status. Accordingly, the Court finds that Plaintiff has failed to allege a Fourteenth Amendment due process claim upon which relief can be granted.

**B.     Eighth Amendment claims**

Plaintiff also alleges that his Eighth Amendment rights were violated by the denial of family visits by prison officials. (Compl. at 3.) However, prisoners do not have a constitutional right to unfettered visitation. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460-61 (1989). The denial of prison access to a particular visitor "is well within the terms of confinement ordinarily contemplated by a prison sentence," *Hewitt v. Helms*, 459 U.S 460, 468 (1983); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986) ("to the extent that denial of contact visitation is restrictive and even harsh, it is part of the penalty that criminals pay for their offenses against society."). Accordingly, Plaintiff's Eighth Amendment claims are also dismissed for failing to state a claim upon which relief can be granted.

Thus, for all these reasons, Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1127

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

////

////

5. The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: 11-17-06

**HON. LARRY ALAN BURNS**
United States District Judge