# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEVENS, Sr., CDC #V-69054, <br><br> Plaintiff, <br><br> vs. <br><br> COUNSELOR ROBLES, <br><br> Defendant. | Civil No.   06-2072 LAB (LSP) <br><br> **ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(2) AND 28 U.S.C. § 1915(d)** |

I.    **Procedural History**

On September 21, 2006, Plaintiff, an inmate currently incarcerated at Chuckawalla Valley State Prison in Blyth, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]

On October 13, 2006, this Court dismissed Plaintiff's action for failing to pay the initial civil filing fee or move to proceed *in forma pauperis* ("IFP"). *See* Oct. 13, 2006 Order at 2. On October 31, 2006, Plaintiff filed his Motion to Proceed IFP [Doc. No. 5]. The Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2(b)(ii) & 1915A(b)(1). *See* Nov.

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Leo S. Papas by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636. *See Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001).

21, 2006 Order at 7-8. The Court granted Plaintiff leave to file a First Amended Complaint correcting the deficiencies of pleading noted in the Court's Order. *Id.* at 7.  On December 6, 2006, Plaintiff filed his First Amended Complaint ("FAC") [Doc. No. 7].

**II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Here, the Court finds that the First Amended Complaint survives the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

### III.   Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   The United States Marshal shall serve a copy of the **First Amended Complaint** and summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

2.   Defendant is thereafter **ORDERED** to reply to the **First Amended Complaint** within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

3.   Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant, or counsel for Defendant, and the date of service. Any

1 | paper received by the Court which has not been filed with the Clerk or which fails to include a
2 | Certificate of Service will be disregarded.
3 | **IT IS SO ORDERED.**
4 |
5 | DATED: February 1, 2007
6 |
7 | *Larry A. Burns*
  | **HONORABLE LARRY ALAN BURNS**
  | United States District Judge